UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY C. WHITE, | No. 2:16-cv-02675 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| K. O'CONNER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On April 18, 2017, plaintiff was granted an additional 60 days to file an amended complaint for the reasons described in this court's December 9, 2016 screening order. ECF No. 11. Plaintiff filed what is captioned as an "amended complaint" along with a motion for a 45 day extension of time to exhaust administrative remedies on June 19, 2017. ECF Nos. 12, 13.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The amended complaint fails to fulfill the requirements of Rule 8(a) of the Federal Rules of Civil Procedure because it does not contain "a short and plain statement of the claim for relief or the grounds for the court's jurisdiction. Plaintiff's amended complaint only discusses the availability or non-availability of administrative remedies for unspecified claims. ECF No. 12. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

Also pending before the court is plaintiff's motion for a 45 day extension of time to complete the exhaustion of administrative remedies. ECF No. 13. The court will construe

plaintiff's request as a motion for an extension of time to file a second amended complaint.  So construed, the motion will be granted based on good cause shown.

IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint filed on June 19, 2017 is dismissed with leave to amend;

2. Plaintiff's motion for an extension of time is granted (ECF No. 13); and

3. Plaintiff is granted thirty days from the service date of this order in which to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; and, the failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 10, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/whit2675.14+36(2).docx